ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Combat Support Associates | )     ASBCA Nos. 58945, 58946 |
| | ) |
| Under Contract No. DASA02-99-C-1234 | ) |

APPEARANCES FOR THE APPELLANT:     Karen L. Manos, Esq.
Owen E. Whitehurst, Esq.
  Gibson, Dunn & Crutcher LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:     E. Michael Chiaparas, Esq.
  DCMA Chief Trial Attorney
Douglas R. Jacobson, Esq.
  Trial Attorney
  Defense Contract Management Agency
  Bloomington, MN

David C. Hoffman, Esq.
  Deputy General Counsel
  Defense Contract Audit Agency
  Fort Belvoir, VA

## OPINION BY JUDGE MCILMAIL
## ON APPELLANT'S MOTION FOR RECONSIDERATION

On 31 October 2014, appellant, Combat Support Associates, timely moved that the Board reconsider its 22 October 2014 decision denying appellant's motion to dismiss for lack of jurisdiction these appeals from government claims. Appellant had contended that the government's claims are barred by the six-year statute of limitations set forth in the Contract Disputes Act (CDA), 41 U.S.C. § 7103(a)(4). *Combat Support Associates*, ASBCA Nos. 58945, 58946, 14-1 BCA ¶ 35,782. Upon reconsideration, the Board vacates its 22 October 2014 decision and denies the motion to dismiss for lack of jurisdiction.

On 10 December 2014, the United States Court of Appeals for the Federal Circuit issued its opinion in *Sikorsky Aircraft Co. v. United States*, 773 F.3d 1315 (Fed. Cir. 2014). Pursuant to that opinion, which is binding upon the Board, the court overruled its line of cases holding that the six-year statute of limitations contained in the CDA was jurisdictional, and held that the CDA's six-year statute of limitations is

not jurisdictional; therefore, the six-year statute of limitations in the CDA provides no basis to dismiss an appeal for lack of jurisdiction. *See id.* at 1320-22.

We decline appellant's suggestion in its motion to treat its motion to dismiss for lack of jurisdiction as a motion for summary judgment. *See Aries Marine Corp.*, ASBCA No. 37826, 90-1 BCA ¶ 22,484 at 112,846-47. At this juncture of the appeals, we consider the better approach is to leave it to each party to determine whether to pursue summary judgment separate from these jurisdictional proceedings. *Cf. Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234 at 172,994 (denying motion to dismiss for lack of jurisdiction and deferring merits ruling "to an appropriate merits proceeding, whether it be a motion for summary judgment or after a hearing").

Upon reconsideration, the Board's 22 October 2014 decision is vacated, and the motion to dismiss for lack of jurisdiction is denied.[1]

Dated: 16 March 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[1] Appellant's motion contained a request that the Chairman refer the motion to the Board's Senior Deciding Group pursuant to paragraph 4 of the Board's Charter. The Chairman has denied that request.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58945, 58946, Appeals of Combat Support Associates, rendered in conformance with the Board's Charter.

Dated:

_____
JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
